# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

                Plaintiff,         :      Case No. 3:14-cv-130

                                     District Judge Walter Herbert Rice
     -  vs  -                           Magistrate Judge Michael R. Merz

MARY DONOVAN, JUDGE, et al.,

                Defendants.        :

---

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

---

Plaintiff Warren Easterling brings this action *pro se* against Mary Donovan, Jeffrey Froelich, Michael T. Hall, and Mike Fain, all judges of the Ohio Second District Court of Appeals for Greene County.

The case is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or

1

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).    In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status.  *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999).  Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

In Case No. 3:13-cv-106, Easterling sued the same four judges whom he sues in this action.   In that case the undersigned recommended dismissal for lack of subject matter jurisdiction on the basis of the *Rooker-Feldman* Doctrine (Doc. No. 10).  Judge Black adopted

that recommendation over Easterling's Objections (Doc. Nos. 16, 17).  Easterling appealed to the Sixth Circuit Court of Appeals which denied leave to appeal *in forma pauperis* and dismissed the appeal for failure to pay the filing fee.  *Easterling v. Second District Court of Appeals,* Case No. 13-4063 (6th Cir. Apr. 23, 2014)(unreported; copy at Doc. No. 26).

Although the Complaint here is not a verbatim copy of the Complaint in Case No. 3:13-cv-106, a comparison of the two shows Easterling is raising the same claims here as he did in that case.  That is, he is complaining that Defendant Judges narrows the scope of his appeal in their Case No. 12CA-52 to limit him to argument about his designation as a vexatious litigator in the underlying case (*Easterling v. Union Savings Bank*, Case No. 2010-CV-1267 in the Greene County Common Pleas Court) and prevent him from arguing the merits of the underlying claim against Union Savings.

Issue preclusion, or collateral estoppel as it is classically known, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.  *Taylor v. Sturgell,* 553 U.S. 880 (2008); *Stern v. Mascio*, 262 F. 3rd 600, 608 (6th Cir. 2001), quoting *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F. 2nd 658, 660-61 (6th Cir. 1990). The issue preclusion doctrine applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought . . . had a full and fair opportunity to litigate the issue in the prior proceedings."  *Stern,* 262 F. 3rd at 608, quoting *Smith v. Securities & Exch. Comm'n,* 129 F. 3rd 356, 362 (6th Cir. 1997)(en banc).

3

In the prior case Easterling claimed the *Rooker-Feldman* Doctrine did not apply to his case, either because the harm he had suffered was not "intertwined" with the judgment of the state court or because *Rooker-Feldman* could not prevail over 28 U.S.C. § 1331 and was unconstitutional to the extent this Court found the doctrine prevented consideration of his "federal questions."

The facts of this matter fit squarely within the collateral estoppel doctrine.  Plaintiff raised precisely the same claim, to wit, that *Rooker-Feldman* did not preclude jurisdiction. Because subject matter jurisdiction is a threshold issue, the Court decided that question first and it was necessary to the decision.  Moreover, Easterling has been given a fair opportunity to litigate this question:  in one of his four or five prior cases the Court entertained two hours or oral argument on the constitutionality of *Rooker-Feldman*.

Easterling brushes aside this question by asserting "[t]here is no issue of *res judicata*  in regards to a void judgment."  (Complaint, Doc. No. 1-2.)  However, he has not shown the prior judgment is void and his argument for jurisdiction here is the same as in the prior cases:  28 U.S.C. § 1331 overrides *Rooker-Feldman*.

It is accordingly respectfully recommended that the Complaint herein be dismissed with prejudice as barred by collateral estoppel.  The Clerk is ORDERED not to issue process pending further court order.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).