# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

                Plaintiff,    :    Case No. 3:14-cv-130

                                        District Judge Walter Herbert Rice
- vs -                                   Magistrate Judge Michael R. Merz

MARY DONOVAN, JUDGE, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS ON MOTION TO STAY

       Plaintiff Warren Easterling brought this action *pro se* against Mary Donovan, Jeffrey Froelich, Michael T. Hall, and Mike Fain, all judges of the Ohio Second District Court of Appeals for Greene County.  In conjunction with his Complaint, he has filed a Motion to Stay the Order Regarding Warren Easterling Pursuant to Revised Code 2323.52(D)(1)(Doc. No. 3).

       By the structure of his Memorandum in Support, Plaintiff has evinced his understanding that he is seeking what amounts to a preliminary injunction.  The factors to be considered in determining whether to issue a preliminary injunction are

        1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

        2) Whether the plaintiffs have shown irreparable injury;

> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
>
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). These four considerations are "factors to be balanced, not prerequisites that must be met. Accordingly, the degree of likelihood of success required may depend on the strength of the other factors." *DeLorean*, 755 F.2d at 1229. The four considerations are factors to be balanced, not prerequisites that must be met. *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). Although no one factor is controlling, a finding that there is no likelihood of success is usually fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

The Motion to Stay should be denied for the following reasons:

1. The Motion seeks to stay an Order of the Greene County Common Pleas Court, but neither that court nor the issuing judge, The Honorable Dale Crawford, has been named as a party in this case.

2. Easterling is very unlikely to prevail on the merits of this case which has been recommended by the undersigned for dismissal under the collateral estoppel doctrine. Moreover, Easterling is unlikely to prevail because of the *Rooker-Feldman* Doctrine. Issuance of a stay order would itself violated that doctrine.

3. The public interest is not served by enjoining enforcement of the Ohio courts' designation of Mr. Easterling as a vexatious litigator because he has shown by his conduct in this

Court that he is unwilling to abide by the Court's judgments and continues to file meritless lawsuits.

Accordingly, it is respectfully recommended that the Motion to Stay be DENIED.

May 2, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).