IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,                         :

                                                   Case No. 3:14-cv-130

               Petitioner,

                                     District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

  -vs-

JUDGE MARY DONOVAN, et al., ,

               Respondents.         :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's second Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).  In them he reiterates his oft-made claim that 28 U.S.C. § 1331 trumps the Rooker-Feldman doctrine.  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983).  That was not the law when these cases were dismissed, that was not the law when Easterling's prior Rule 60(b) Motion was denied, and that is not the law now.  The only addition to this new Motion is Easterling's note that he has sought injunctive relief against District Judge Rice and Assistant United States Marshal Jeremy Rose to remove this and other cases from Judge Rice's docket..  That is patently frivolous forum shopping.  If Mr. Easterling disagrees with this conclusion, he should take his claim to the United States Court of Appeals for the Sixth Circuit which has exclusive jurisdiction to reverse this Court is it is wrong.

If Easterling persists in his frivolous arguments arguments about 28 U.S.C. § 1331 and the Rooker-Feldman doctrine, particularly if he refuses to seek appellate review of this Court's

1

decisions, he should be sanctioned under Fed. R. Civ. P. 11 for making frivolous filings.

The Motion for Relief from Judgment should be denied.

August 17, 2105.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).